UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER ROBINSON AND LISA THOMAS ROBINSON,

        Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC., a foreign corporation, and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2007-2 HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2007-2,

        Defendants.
_____/

CASE NO. 11-11357

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Before the Court is Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association's (U.S. Bank) Motion to Dismiss (Doc. No. 7). The Court has reviewed all the filings relevant to this motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motion.

**I. FACTUAL ALLEGATIONS**

Plaintiffs Walter Robinson and Lisa Thomas Robinson entered into a loan with EquiFirst Corporation on November 13, 2006, to purchase property located at 115 Cascade Lane in Waterford, Michigan. As security for the loan, Plaintiffs granted a mortgage on the property to nonparty Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for EquiFirst Corporation.

On September 16, 2008, Plaintiffs received notice of a default on the mortgage. On March 18, 2009, Plaintiffs and Defendant Select Portfolio, Inc. (SPS), a servicer, executed a Forbearance to Modification Agreement in connection with the Loan. (Doc. No. 7, Ex. D). Plaintiffs defaulted on the Forbearance Agreement and entered into a Home Affordable Modification Trial Period Plan on October 1, 2009. (Doc No. 7, Ex. E). On March 26, 2010, Plaintiffs were notified that they were in default on the Modification. (Doc. No. 7, Ex. F).

Thereafter, foreclosure by advertisement proceedings were initiated. On July 23, 2010, MERS assigned the mortgage to U.S. Bank, as trustee, on behalf of the holders of the Home Equity Asset Trust 2007-2 Home Equity Pass-Through Certificates, Series 2007-2 ("Trust") to be effective on or before February 1, 2007. (Doc. No. 7, Ex. B). The property was sold on August 31, 2010, to U.S. Bank on behalf of the Trust, at a sheriff's sale for $141,169.03.

Plaintiffs did not redeem the property, but filed suit in Oakland County Circuit Court on February 25, 2011, three days before the redemption period expired. (Doc No. 7, Ex. I). In their lawsuit, Plaintiffs seek to quiet title (Count I). Further, they allege that Defendants prevented Plaintiffs from entering into a loan modification and have been unjustly enriched as a result (Count II), that Defendants failed to comply with the state statute governing loan modifications (Count III), and that Defendants engaged in deceptive acts because the party foreclosing the mortgage was neither the owner of the indebtedness secured by the mortgage or the servicing agent of the mortgage. (Count IV).

Defendants removed this matter and subsequently filed this motion. Defendants ask the Court to dismiss all counts of the complaint.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

## III. ANALYSIS

Before addressing the merits of Defendants' motion, the Court must decide whether several of Defendants' exhibits, which were not attached to the Complaint, should be deemed part of the pleadings. Rule 12(d) of the Federal Rules of Civil Procedure provides that when a court decides a motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Under certain circumstances, however, even a document that is not formally incorporated

by reference or attached to a complaint may still be considered part of the pleadings. See 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed.1998). This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim. . . ." Id. When that is the case, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id.; see, e.g., Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) (considering pension plan documents that defendant attached to the motion to dismiss part of the pleadings because the documents were referred to in the complaint and were central to the plaintiff's claim for benefits under the plan).

Here, the Court declines to convert the motion based upon a review of the exhibits where are implicitly referenced by the allegations in the complaint and are central to Plaintiffs' claim. See Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (finding insurance policies were not matters outside the pleadings because they were referred to throughout the complaint and central to the claims). Consequently, the Court reviews the matter under the standards applicable to a Rule 12(b)(6) motion.

### A. Quiet Title/Statutory Compliance

In Count I, Plaintiffs claim they are entitled to quiet title in light of irregularities they believe occurred in the foreclosure process. Specifically, Plaintiffs assert that they should have been allowed to enter into a loan modification, but were not, and they assert that the affidavits used during the foreclosure process may have been signed outside the presence of a notary. A review of the pleadings undermines this claim.

To the extent that Plaintiffs allege that the initiation of foreclosure by advertisement violated Section 600.3205c, Mich. Comp. Laws, they have failed to state a claim. The statute sets forth a process by which a borrower may seek a mortgage loan modification. If the borrower complies with the statute, the mortgage loan holder must foreclose judicially. Mich. Comp. Laws § 600.3205c(1). However, the statute further provides that when a borrower has previously agreed to modify the mortgage loan, the provision applies only if the borrower has complied with the terms of the mortgage loan, as modified, for one year after the date of Modification. See Mich. Comp. Laws § 600.3205a(6).

Here, Plaintiffs obtained a modification on October 1, 2009. They were notified of default on March 26, 2010. Therefore, Plaintiffs did not comply with the terms of the mortgage loan for a full year, and that failure excuses Defendants from compliance with the loan modification requirements in § 600.3205c. The provision simply does not apply here, and foreclosure by advertisement was allowed.

In addition, Plaintiffs speculate that the affidavits created during the foreclosure and sheriff's sale were not notarized properly. Specifically at paragraph 27 of their complaint, they suggest that "many affidavits may have been signed outside of the presence of a notary public." (Doc. No. 1). According to Plaintiffs, this speculation is supported by the fact that the Trust closed in 2007, yet the property was assigned to the Trust on July 23, 2010, three years after the closing. (See Doc. No. 7, Ex. H). Consequently, Terese McDermott, the attorney for the Trust could not have had personal knowledge of the facts inasmuch as the Trust acquired the property after it was closed (Doc. No. 7, Ex. I).

To the extent that plaintiffs challenge the affidavit of Terese McDermott, the exhibits show that McDermott acted as the attorney for the Trust, signed the Non-military Affidavit, Affidavit of Mich. Comp. Law 600.3205 Notice, and the Affidavit of Purchase. (Doc. No. 7, Ex. M). Plaintiff have no facts to support their assertion that she may have signed the affidavits without personal knowledge.

This assertion lacks any factual underpinning, and further does not support a claim for which relief can be granted. In Livonia Properties Holdings, LLC v. Farmington Road Holdings, No. 10-1782, 2010 WL 4275305 (6th Cir. 2010), the court rejected a borrower's challenge to the foreclosing party's chain of title for two reasons: (1) the invalidation of the interim assignment would not destroy the record chain of title because the public record would remain unchanged; and (2) even if the assignment was flawed, the borrower, as a nonparty to the assignment, lacked standing to raise that defect as a challenge to the foreclosing party's chain of title. Here, Plaintiffs, who were not parties to the assignment, lack standing to challenge it.

**B. Unjust Enrichment**

In Count II, Plaintiffs assert a claim for unjust enrichment. Because there is an express contract between the parties with respect to the property, Plaintiffs' claim of unjust enrichment is not viable. See Belle Isle Grill Corp. v. City of Detroit, 666 N.W. 2d 271, 280 (Mich. Ct. App. 2003).

**C. Deceptive Act or Unfair Practice Claim**

To support their claim of deceptive act, Plaintiffs raise the issue of whether the foreclosure in this case was conducted in violation of Michigan's foreclosure by

advertisement statute, relying on Residential Funding Co., LLC v. Saurman, No. 290248, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011). Residential Funding invalidated a foreclosure by advertisement conducted by MERS, reasoning that the statute restricts the remedy to the servicer of the mortgage or the owner of an interest in the indebtedness secured by the mortgage, and MERS was neither. Id. at *27 (citing Mich. Comp. Laws § 600.3204(1)(d)). See also Allen Bakri v. MERS, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug. 9, 2011) (extending the Residential Funding ruling to include third-party assignments from MERS when the assignee, rather than MERS, forecloses by advertisement).

Because the Michigan Supreme Court reversed the appellate court's decision in Residential Funding, Plaintiffs' claim cannot survive this Rule 12(b)(6) motion. See Residential Funding Co., LLC v. Saurman, 805 N.W.2d 183 (Mich. 2011).

## IV.  CONCLUSION

In sum, Plaintiffs have failed to state a claim for which relief can be granted. Accordingly, the Court **GRANTS** Defendants' motion.

**IT IS SO ORDERED.**

                                                  s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  UNITED STATES DISTRICT JUDGE

Date: December 9, 2011

## CERTIFICATE OF SERVICE

  Copies of this Opinion and Order were mailed to and/or electronically filed to counsel of record on this date.

              <u>s/Marianne O. Battani</u>
              Case Manager